# Blakeslee v. Mobile Life Insurance Co.

*Bill in Equity to foreclose Mortgage.*

| 57 | 205 |
| 93 | 141 |
| 57 | 205 |
| 106 | 445 |

1.　*Separate estate, what constitutes equitable; estoppel*—In 1858, a husband conveyed certain lands and other property to a trustee, "for the sole use and benefit of my wife (M. G. B.) during the time of her natural life, and after her death said property to be equally divided between the children of my said wife and myself.　But in event that my said wife

[Blakeslee v. Mobile Life Insurance Company.]

.should think it to her, and the children's interest, to sell any, or all of said property, then she shall have full power to do so; and said trustee shall join her in the deed, so as to give the purchaser a good, legal title,. . . . and her acts shall bind me and her heirs, and vest in the purchaser a good title."

The wife and two children, G., and R., then a minor, together with the trustee, joined by the husband, executed a mortgage on property conveyed by the trust-deed, to secure the husband's debt. The minor has since died, leaving G. his only heir.

*Held*: 1. The deed created in the wife an equitable separate estate, to the extent of her interest in the property, which she could mortgage to secure the husband's debts.

2. Without regard to the question whether the power given the wife in the .deed, to sell the entire estate, would authorize her to mortgage it, she had ·the power to mortgage her life estate as an incident to her ownership; it not being restrained by the instrument creating the estate.

3. The face of the mortgage, and the covenants implied by law from the terms "grant, bargain, sell," employed therein, plainly show an intention to .convey the fee, subject to divestiture, on the performance of the condition expressed, and whatever title resided in the adult child, one of the grantors, passed thereby.

4. Admitting the invalidity of the mortgage by the minor, his estate having descended to his sister as sole heir, the words used in the conveyance imply, under the statute, a covenant of warranty, which estops her from asserting the title thus acquired, against the mortgagee.

5. The personal representative of the minor was not a necessary party to the bill; no relief being asked respecting his rights, and the decree not operating otherwise than on the land.

APPEAL from Chancery Court of Mobile.
Heard before Hon. HURIOSCO AUSTILL.
The opinion states the facts.

BOYLES & OVERALL, for appellants.—The power given in the deed is to sell, not to mortgage. Power to sell does not .authorize a mortgage.—3 Hill, 36; 3 Barb. 128; 1 Sandf. Ch. 17; 46 Ala. 438; 5 Ala. 424. A mortgage given where the power does not authorize it, is void, and confers no right whatever.—1 Sandf. Ch. 17; 1 Hill, 111; 4 N. Y. (Com.) 9; 1 Sugd. on Powers, 538; 1 Powell on Mortgages, 61; ·2 Chaunce on Powers, 338. The mortgage is void as to the minor.—24 Ala. 423. The bill fails to aver that the minor .died before he attained majority, and fails to aver that he left no debts; his personal representative was, therefore, a necessary party.

TAYLOR & MCCARTNEY, *contra*.—The deed conferred on the wife an *equitable*, not a *statutory* estate, and she had the rights of a *femme-sole* as to her interest. The right to mortgage was an incident to her ownership. The other grantees, except Roger Blakeslee, were of full age, and all their interest, no matter how acquired, passed by the mortgage.

[Blakeslee v. Mobile Life Insurance Company.

The personal representative of the deceased child was not a necessary party.—Story Eq. Pl. § 175; 2 Wash. Real Prop. 596; 5 Ala. 158; 28 Ala. 580.

BRICKELL, C. J.—This bill was filed by the appellee to foreclose a mortgage on real estate executed by the appellant on the 11th day of October, 1871. The facts as disclosed by the record, are that on the 20th day of March, 1858, the appellant, George Blakeslee, being seized of the premises, by deed conveyed them with certain slaves, to Edward S. Dargan, in trust *for the sole use and benefit of his wife, Mary G. Blakeslee, during the term of her natural life, and after her death, said property, both land and slaves, to be equally divided between the children of my wife and myself. But in the event that my said wife should think it to her and her children's interest to sell all or any part of said property, then she shall have full power to do so, and the said E. S. Dargan, trustee as aforesaid, shall join her in the deed so as to give the purchaser a good title, either to the slaves or land that may be sold, and her and her acts shall bind me and my heirs, and vest in the purchaser a good title.* The mortgage is made to secure payment of the debt of the husband, and in its execution, Mrs. Blakeslee, and her only children, Gertrude J. and Roger S., with the trustee, Dargan, joined the husband. At its execution, Roger S. was an infant, and has since died, leaving his sister Gertrude his only heir.

The only questions which have been argued before us, are, *first*, whether the power to sell, vested in Mrs. Blakeslee by the deed of trust, includes the power to mortgage; and, *secondly*, whether the personal representative of Roger S. is not an indispensable party to the bill. We do not find it necessary or proper to pass on the first question.

In a court of equity, a gift or conveyance to a married woman, or to a trustee for her use, which excluded the marital rights of the husband, created in her a separate estate, independent of statutory provisions. To the creation of this estate no particular language or form of words was essential. It was sufficient that the intent, that marital rights of the husband should not attach, was clear and unequivocal. Gifts for the *sole and separate use,* or for the *sole use* of the wife, were appropriately framed to create the estate. The statutes creating and defining the wife's separate estate, and limiting the marital rights of the husband, do not abrogate or supersede the equitable separate estate. The office of these statutes is to affect estates which, without them, would

have been subjected to the common law marital rights of the husband.—2 Brick. Dig. 91, § 272; *Short v. Battle*, 52 Ala.

The life estate of Mrs. Blakeslee was her equitable, not her statutory, separate estate. Of this estate she had the power of disposition of a *femme-sole*. She could sell or mortgage it as a security for the payment of her husband's debts. *Demorest v. Wynkoop*, 3 Johns. Ch. 129. The power to sell, with which she was clothed by the trust-deed, was a power to sell the entire estate—the life estate and the remainder. Admitting this power does not include a power to mortgage which we do not decide, the mortgage operates a conveyance of her life estate. It passes because her power to alienate is an incident of the estate, and is not restrained by the deed creating it.—2 Wash. Real Prop. 618.

The sufficiency of the mortgage to pass the interest in the remainder of the daughter Gertrude, cannot be doubted. It distinctly appears on the face of the mortgage, from its terms, and the covenants implied by law from these terms, that it was the intention of the grantors to convey, and of the grantee to acquire an indefeasible fee, subject to divestiture, on the performance of the condition expressed. Whatever of interest resides in the grantors passed.—*Stewart v. Anderson*, 10 Ala. 504; *Bean v. Welch*, 17 Ala. 770.

Admitting the invalidity of the mortgage as to Roger S., because of his infancy ; on his death his estate descended to his sister Gertrude. The operative words of the mortgage, "grant, bargain, sell," under the statute (R. C. § 1584), imply a covenant, which estop her from asserting the title acquired by descent from him against the mortgage.—*Stewart v. Anderson, supra ; Van Renssalaer v. Keany*, 11 How. 297 ; *Clark v. Barker*, 14 Cal. 612 ; Bigelow on Estoppel, 322.

The personal representative of Roger S. was not a necessary, if a proper, party to the bill. No decree was sought, or could be rendered affecting his rights. The decree as to all others than George Blakeslee, in no event, could operate otherwise than on the land. The parties having the estate in the land were before the court.—*Tindal v. Drake*, June term, 1874, manuscript.

The decree of the chancellor is affirmed.