[Sloss-Sheffield Steel & Iron Co. v. Maryland Casualty Co.]

# Sloss-Sheffield Steel & Iron Co. *v.* Maryland Casualty Co.

*Bill to be Permitted to Examine Books, and for an Accounting.*

(Decided June 9, 1910.   52 South. 751.)

1. *Discovery; Bill; Right to Relief.*—A bill alleging that a casualty insurance company had a liability contract with respondent industrial corporation; that under the contract the premiums to be paid were based on the number of employees in the service of the defendant corporation and providing that the casualty company should be entitled at all reasonable times to inspect the books of the industrial corporation, so far as they related to the number of employees and the amount of wages paid, and that, if the wages actually paid during the insurance term exceed the sum stated in the estimate, insured would pay the additional premiums thereon by reason of such excess; that the casualty company had applied to the industrial corporation for the inspection of its books to that end, and that inspection had been refused, with prayer for an order of discovery, and an accounting to ascertain the premiums due, sufficiently showed that the complainant had no adequate legal remedy, and was not demurrable for want of equity.

2. *Same; Equity Jurisdiction; Statutory Remedy.*—The equitable and statutory remedy of discovery are cumulative, and equity jurisdiction of discovery is not affected by the statutory discovery by interrogatories to the adverse party.

3. *Same; Examination of Adverse Party; Scope.*—A party may not be compelled to furnish evidence against himself tending to convict him of a violation of the criminal law, or to subject him to a penalty or forfeiture, nor to testify to communications between him and his attorney relative to matters in suit; nor can a public officer be compelled to testify to facts, the publication of which would be prejudicial to the community, in a proceeding for discovery; but with these exceptions, a party may be compelled to discover on oath every fact and circumstance within his knowledge, information or belief, relating to the issues, and to produce and allow his adversary to copy every document in his possession material to his adversary's case.

4. *Corporation; Foreign Corporations; Compliance With State Law; Pleading.*—In a bill by a foreign corporation the allegation that at the time of making the contract set out and continuously since that time, and at the time of the filing of the suit, it had been duly qualified to transact business in Alabama in accordance with the statutes of that state prescribing the conditions on which a foreign corporation might do business therein, sufficiently shows that the complainant corporation has complied with the Alabama laws as to the right of foreign corporations to do business in Alabama.

[Sloss-Sheffield Steel & Iron Co. v. Maryland Casualty Co.]

5. *Equity; Bill; Verification.*—Where a bill is not for discovery only, but prays for a discovery and accounting, it need not be sworn to.

6. *Same; Discovery; Failure; Want of Equity.*—Discovery cannot be used as a mere pretext for bringing a common law action in a court of chancery, and if the discovery fails in such case the bill should be dismissed.

APPEAL from Jefferson Chancery Court.

Heard before Hon. A. H. BENNERS.

Bill by the Maryland Casualty Company against the Sloss-Sheffield Steel & Iron Company for a discovery, and on such discovery for an accounting on its liability insurance contract with respondent corporation. From a decree overruling demurrers to the bill respondents appeal. Affirmed.

TILLMAN, BRADLEY & MORROW, for appellant. Counsel discuss the allegations of the bill and conclude that they are not sufficient to show compliance with the law relative to a foreign corporation doing business in Alabama, but cite no authority. Counsel insist that the bill is not for discovery and that the bill does not present such a complicated condition of accounts as gives the court jurisdiction on that ground.—*State v. Bradshaw,* 6 Ala. 239; *Hudson v. Vaughan,* 59 Ala. 609; *V. & A. Co. v. Hall & Co.,* 93 Ala. 542. The bill should have been sworn to if it was a bill for discovery. Counsel discuss other assignments, but without citation of authority.

WEATHERLY & STOKELY, for appellee. No brief came to the Reporter.

MAYFIELD, J.—Appellee, a casualty insurance company, had a contract of insurance with the appellant by which it insured appellant against loss or liability to its employees, and the premiums of these insur-

ance policies were based upon the number of employees engaged by appellant; and by which it was provided that appellee insurance company should have the right at all reasonable times to inspect the books of the appellant corporation, so far as they related to the number of the employees and to the wages paid. Said contract contained also the provision "that, if the wages actually paid during said period should exceed the sum stated in said estimate, the assured should pay the additional premium earned by reason of such excess." The bill is to obtain and require an inspection of the books of appellant company in so far as they relate to the wages of its employees covered by the contracts of insurance, and an order for an accounting to ascertain the premiums to be paid under the contracts of insurance, in accordance with the provisions of the insurance policies. The bill alleges a failure and refusal on the part of respondent to comply with the contract, as to the inspection of the books, and other provisions. The respondent demurred to the bill, assigning various grounds. The court overruled the demurrers, and from that decree this appeal is prosecuted.

The bill certainly contains equity; no other adequate relief is availing. The information necessary to the stating of the account is exclusively with respondent, and can be had in no other way than by the production of its books, which it contracted to produce for inspection, and which are shown to be the sole repository of the information necessary to state the account, or to ascertain the exact amount of the premiums due. The bill is not one for discovery only, and therefore it was not necessary that it be sworn to.—*Bromberg v. Bates*, 98 Ala. 629, 13 South. 557.

It was said by Chief Justice Marshall, in the case of *Russell v. Clark*, 7 Cranch, 69, 3 L. Ed. 271: "That if

certain facts, essential to the merits of a claim purely legal, be exclusively within the knowledge of the party against whom that claim is asserted, he may be required, in a court of chancery, to disclose those facts; and the court, being thus rightly in possession of the cause, will proceed to determine the whole matter in controversy." But this rule is of course subject to the limitation that the discovery cannot be used as a mere pretext for bringing a common-law action in a court of chancery; and if the discovery fails, the suit should be dismissed. This court has spoken as follows with regard to this rule: "While the foregoing has been distinctively called the American doctrine, the best-considered cases do not regard discovery as the independent source of equitable jurisdiction to grant relief, in respect to a matter of purely legal cognizance, in a suit for discovery and relief. In such suit, the discovery is incidental, and may be the occasion for the exercise of the jurisdiction."—*Va. & Ala., etc., Co. v. Hale*, 93 Ala. 545, 9 South. 256.

Mr. Pomeroy, speaking of the same rule, which he calls the American doctrine, says: "The so-called American doctrine concerning the effect of discovery upon the equitable jurisdiction is thus practically as follows: Whenever in a controversy purely legal, depending upon legal interests and primary rights of the plaintiff, and seeking to obtain final reliefs which are wholly legal, the plaintiff prays for a discovery as a preliminary relief, and alleges and proves that such discovery is absolutely essential to the maintenance of his contention—that he is utterly unable to establish the issues on his part by testimony of witnesses, or by any other kind of evidence admissible in courts of law—so that an action at law is utterly impracticable, then the court of equity, having jurisdiction of such a case to compel

a discovery, acquires a jurisdiction over it for all pur-
poses, and may go on and determine all the issues, and
decree full and final relief, although the relief, so giv-
en is of the same kind as that granted by the courts of
law in similar controversies."

The jurisdiction of chancery for discovery is not af-
fected by the statutory discovery by interrogatories to
the adverse party; that remedy is only cumulative.

It seems that the real source of equity jurisdiction,
in cases like this, is the inadequacy of legal remedies
when discovery or production and examination of books
is necessary.

The following quoted maxims and propositions tend
to show the equity of the bill under our chancery prac-
tice: The common law laid down as a maxim "Nemo
tenetur armare adversarium suum contra se;" in fur-
therance of which principle it generally allowed liti-
gant parties to conceal from each other, up to the time
of trial, the evidence on which they meant to rely, and
would not compel either of them to supply the other
with any evidence, parol or otherwise, to assist him in
the conduct of his cause.—Best on Evidence, § 624; 1
Greenleaf on Evidence, § 329. A different rule grew up
in equity. The defendant there was obliged to answer
under oath the allegations of the bill, and might be
compelled to produce for inspection by the plaintiff doc-
uments that were in the defendant's possession and con-
trol and were material to the issues involved in the
suit. In such cases the discovery was incident to the
equitable relief sought. But it was not limited to the
issues arising in suits in equity. "Many cases existed
in which the plaintiff had a legal title, or legal right, or
was pursuing a legal remedy, but wherein no redress
could be actually obtained, simply because the plain-
tiff's evidence either rested in the breast of the defend-

ant, or consisted, in whole or in part, of documents in the defendant's possession. Hence, there was a failure of justice at common law, and hence there arose the equitable remedy of bills for discovery, which was made use of simply for the purpose of assisting or supplementing the plaintiff's remedy at common law."—Bispham's Equity (6th Ed.) § 557; 2 Story's Equity Jurisprudence, §§ 1484, 1485; 1 Pomeroy's Equity Jurisprudence, §§ 191, 195. The law excepted from the testimony, which a party might be compelled to furnish against himself in this way, testimony tending to convict him of a violation of the criminal law, or to subject him to a penalty or forfeiture; also communications between him and his attorney relating to the matters in suit, and, of a public officer, testimony a publication of which would be prejudicial to the community. With these exceptions, a party could be compelled "to discover and set forth upon oath every fact and circumstance within his knowledge, information, or belief," and to produce and allow his adversary to inspect and copy every document in the party's possession material to the other's case.—Adams' Equity, c. 1.

The same principles govern in the practice as to discovery, whether it be invoked in aid of other issues involved in the suit in equity, or be invoked independently in aid of an action at law.—*Lyell v. Kennedy,* L. R. 8 App. Cas. 217; *Drake v. Drake,* 3 Hare, 525; Wigram's Points on the Law of Discovery, 123.

It is urged that the bill does not sufficiently allege that complainant has complied with the laws of this state as to the right of foreign corporations to do business here. The bill alleges, among other things, "that at the time of making and entering into said contract, and continuously since that time, and at the time of the filing of this suit, it has been duly qualified to transact

[Orendorff v. Suit, et al.]

business in the state of Alabama in accordance with the statute of this state prescribing the terms and conditions upon which a foreign corporation may do business in Alabama." This, we think, is sufficient.

The bill contains equity, and was not subject to the demurrer interposed, and the decree of the chancellor is affirmed.

Affirmed.

SIMPSON, ANDERSON, and SAYRE, JJ., concur.