(76 South. 865)

SHANNON v. OGLETREE et al.

(2 Div. 651.)

(Supreme Court of Alabama. Nov. 15, 1917.)

1. EQUITY ⊸293—PLEADING—AMENDMENT—FOOTNOTES—SUFFICIENCY.

Amendments to substance of bill by additions to certain paragraphs, and not by adding distinct new paragraphs do not require a new footnote requiring respondent to answer.

2. EQUITY ⊸292 — AMENDMENT — WRITTEN STATEMENT.

A written statement in open court by one who has ceased to be a party to the bill, declaring his release of his interest to certain parties to the bill, cannot be regarded as an amendment of the bill, and will be disregarded.

3. PARTITION ⊸93 — REMAINDERMEN — HOW PROTECTED.

In case of sale for division, the rights of reversioners or remaindermen may be protected by requiring a suitable bond, with sureties, before turning over the proceeds of sale to the life tenant.

4. PARTITION ⊸12(5)—INTEREST OF PLAINTIFFS—REMAINDERMAN.

Tenants in common, owning the reversionary interest in an undivided half of land, may maintain a bill for sale for division against the owner of the undivided half interest.

5. CURTESY ⊸11(4)—MORTGAGE—EFFECT.

The statutory life estate of the husband, in the nature of an estate by the curtesy, vested in the mortgagee by a mortgage executed by the husband and wife jointly.

6. HUSBAND AND WIFE ⊸171(1)—MORTGAGES—VALIDITY.

If the wife executed a mortgage to secure the individual debt of her husband, the mortgage was a nullity as to her half interest in the land mortgaged.

7. EQUITY ⊸66—RIGHT TO RELIEF—DOING EQUITY.

In the absence of evidence that the wife, who joined with her husband in a mortgage of their joint property, received any of the consideration therefor, the rule that he who seeks equity must do equity could not be applied against her children, in suit for partition against the owner of the other undivided half interest in the lands mortgaged.

Appeal from Circuit Court, Bibb County; B. M. Miller, Judge.

Bill by H. C. Ogletree, for himself and as next friend of William T. Ogletree and others, against Pat Shannon, for the sale of land for division. From a decree overruling demurrers to the bill, respondent appeals. Affirmed.

The original bill was filed by H. C. Ogletree, for himself and also as next friend for four minor children of himself and deceased wife. It showed that said Ogletree owned a life interest in an undivided half interest in certain real estate, and that the minors owned the reversion thereof, and that respondent Shannon, owned in fee the other undivided half interest, and asked for a sale of the land for distribution, or for an equitable partition. A demurrer was sustained to the original bill, and it was amended by striking out said H. C. Ogletree as a party complainant, and by changing the representative capacity from next friend to that of guardian of the minor complainants. Paragraph 2 of the bill was amended by adding in substantially the following statement of fact:

The lands in question were the joint property of H. C. Ogletree and his wife, and in 1914 said Ogletree executed, with his wife,

a joint mortgage thereon to one Frederick, to secure said Ogletree's individual debt to Frederick, and that mortgage was transferred to respondent, Shannon, who afterwards foreclosed it, and purchased the lands at said sale himself. This mortgage purported to convey the lands in fee simple, and contained the statutory covenant of warranty imported by the words "bargain, sell, and convey," but contained no express covenant. Soon after the execution of the mortgage as aforesaid, Mrs. Ogletree died intestate; her interest in the land passing to her said husband and children, as life tenant and reversioners, respectively. The amending paper contains the following statement:

"And the said H. C. Ogletree hereby, in open court, waives and relinquishes his right to his life estate to his said four children, the complainants in this cause, in and to the lands or parts of said lots herebefore described, and he stands ready to make his deed conveying the same unto his said four children. and will submit said deed, duly executed, with his evidence in this cause, or submits himself entirely to the court."

The prayer of the bill was amended, so as to seek the cancellation of the mortgage and the deed of forelosure, in so far as they conveyed the undivided half interest claimed by complainants.

The demurrers to the amended bill make the objections: (1) That the amended portions are by separate paper and contain no footnote, as required by the rule of practice; (2) that the bill is without equity for partition, since the life estate of H. C. Ogletree has been invested in respondent by virtue of his statutory, warranty contained in the mortgage, and the complainants, as mere tenants in common of the reversionary interest, cannot maintain a bill against their cotenants, who is also the owner of the entire life estate; and (3) that complainants do not offer to do equity by refunding to respondent the consideration received by the original mortgagor.

Lavender & Thompson, of Centerville, for appellant. Logan & Logan, of Centerville, for appellees.

SOMERVILLE, J. [1, 2] The amendments to the substance of the bill of complaint were made by additions to certain paragraphs of the bill, and not by adding distinct new paragraphs. In such a case the original footnote requiring respondent to answer those paragraphs is obviously sufficient, and a new footnote will not be required. The statement in open court by H. C. Ogletree, then no longer a party to the bill, declaring his release of his interest to his children, cannot be regarded as an amendment to the bill, and will be disregarded.

[3, 4] It has been settled in this state that a sale for distribution may be had between one who owns the entire life estate and his cotenants in remainder. Fitts v. Craddock, 144 Ala. 437, 39 South. 506, 113 Am. St. Rep. 53. That case is decisive of complainants' right to maintain the present bill. In case of sale for division, the rights of reversioners or remaindermen may be protected by requiring a suitable bond, with sureties, before turning over the proceeds of sale to the life tenant. McQueen v. Turner, 91 Ala. 273, 8 South. 863; Fitts v. Craddock, supra.

[5] There is no doubt of the correctness of respondent's contention that the statutory life estate of H. C. Ogletree, in the nature of an estate by the curtesy, has vested in respondent Shannon by virtue of the statutory warranty found in the mortgage executed by him jointly with his wife. Blakeslee v. Mobile L. I. Co., 57 Ala. 205; Chapman v. Abrahams, 61 Ala. 108; Jones v. Reese, 65 Ala. 143. The case of Vary v. Smith, 162 Ala. 457, 50 South. 187, deals with a deed wherein only the interest of the grantor was in terms conveyed, and is to be distinguished from cases like the present where the land itself is conveyed without restriction.

[6, 7] If the allegation of the bill is true that Mrs. Ogletree, the mother of complainants, executed the mortgage to secure the individual debt of her husband, the mortgage was a nullity as to her half interest in the lands. It does not appear that she received any part of the consideration stated, and there is no room for the application of the rule requiring complainants who seek equity to also do equity, even if it could otherwise be applied.

The demurrers were properly overruled, and the decree will therefore be affirmed.

Affirmed.

ANDERSON, C. J., and MAYFIELD and THOMAS, JJ., concur.