57 So.2d 72

## COMER v. LIMBAUGH.

### 6 Div. 157.

Supreme Court of Alabama.

Jan. 24, 1952.

Rehearing Denied March 6, 1952.

Wilkinson & Skinner, Birmingham, for appellant.

Geo. P. Bondurant and Hayden & Hayden, Birmingham, for appellee.

SIMPSON, Justice.

This is a suit in equity by appellee, complainant below, against appellant, respondent, to establish and define a disputed boundary line between adjoining lands. Code 1940, Title 47, § 3; Title 13, § 129(5). The appeal is from an interlocutory decree, overruling a demurrer to the bill as last amended. The decree was rendered October 19, 1950, and the appeal was within thirty days therefrom.

The bill alleges that complainant is the owner of a tract of land situated in Jefferson County, a part of which is located in the northeast quarter of the northwest quarter of Section 30, Township 14, Range 1, West, and more particularly described in a deed from Slimp and wife to complainant, a copy of which is made Exhibit "A" to the bill. It is further alleged that respondent is reputed to own or claims to own an adjacent tract, described as all that part of the northeast quarter of the northwest quarter of said Section 30, lying between the old Tennessee Road and north of J. A. Abele tract, containing one and one-half acres, more or less and more particularly described in a deed from McCombs and wife to respondent, a copy of which is made Exhibit "B" to the bill.

We here set out paragraph 5 of the original bill: "5. That the defendant is claiming a location of the dividing line between the tracts of land owned by the complainant and the defendant to be at a place or location further West than complainant is informed and believes the same is actually located, and in pursuance of said claim has

erected certain improvements at a point entirely West of the Westmost line of the tract owned or claimed by defendant and is in truth and fact, located, according to the knowledge, information and belief of complainant, upon the premises owned by complainant."

It is alleged "that there is a dispute between Complainant and defendant as to the correct location of the boundary line between the premises owned by complainant and owned or claimed to be owned by the defendant."

It is also alleged that prior to the filing of the bill complainant made demand upon respondent to establish the boundary without the necessity of litigation for the purpose, but that respondent failed to respond thereto; that by reason of and as a proximate consequence of the erection of such improvements upon complainant's premises, said premises have been rendered of greatly less value to complainant and that complainant has been deprived of the use thereof or a part of the premises for a long time, and has been vexed, harassed and annoyed, and has been put to trouble, inconvenience and expense in and about his efforts to protect himself against such trespasser and as a result of such trespass.

· The prayer of the bill is that the court will "finally determine and establish the location of said boundary line and will finally and completely settle said boundary line dispute and will cause a survey to be made," etc., and that a judgment for damages be rendered. There is also a prayer for general relief.

Respondent's demurrer to the original bill was overruled and he filed an answer and cross-bill. Complainant then amended his bill by striking out paragraph 5 and substituting the following: "That the defendant is claiming a location of the dividing line between the tracts of land owned by the Complainant, and the defendant to be at a place or location further West and further south than complainant avers the same is actually located, and in pursuance of said claim defendant has erected certain improvements, including a fence, at a point entirely west of the westmost line and at a

point entirely south of the southmost line of the tract owned or claimed by the defendant and are in truth and in fact located upon the premises owned by complainant, and the said complainant is unable to state the true location of complainant's true boundary line at said points other than the same are described in Complainant's Exhibit 'A'."

Respondent's demurrer to the bill as thus amended was overruled and he filed an amended answer and cross-bill, and thereafter the complainant filed another amendment to his bill by adding paragraphs 9 and 10. Paragraph 9, in substance, claims ownership of lands as described in Exhibit "A 1," referred to therein. Paragraph 10 alleges that, in order to make the description of the property more certain and to more fully describe the land in the conveyance from Slimp and wife, dated in the year 1934, complainant obtained a further deed from Slimp, dated in the year 1947, and being said Exhibit "A 1." ·

Respondent objected to this amendment and moved to strike on the ground that the proposed amendment seeks to establish rights based in an alleged conveyance executed after the institution of the suit. The court below (September 8, 1948) sustained the motion to strike as to paragraph 10 on the premise that the deed, executed long after the suit was filed, could not be made the basis of complainant's relief. Respondent filed a demurrer to the bill as amended, the same being directed to paragraph 9. The court sustained the demurrer by decree of April 13, 1949. Thereupon complainant again amended his bill by "adding after Section 5 the following: "5a. Complainant avers the line between him and the defendant is shown by the map attached to complainant's answer to cross bill as last amended filed July 29, 1947, and marked Exhibit 'A' which is the map of Walter Schoel, C. E. March, 1947, which said line is described as follows: Beginning at the SW corner of the SE 1/4 quarter of NW 1/4 quarter, Sec. 30, Tp. 14, Range 1 West; thence North 6° 30 minutes West 978.6 ft.; thence North 10° 50 minutes East 104.9 ft.; thence North 5° 55 minutes East 502. ft.; thence North 6° 38 minutes East 158.2 ft.; thence East 234 ft.; thence North 227.5 ft.;

thence North 56° 30 minutes West 125.9 ft.; for a point of beginning; Thence continue Westerly in the same direction 144.10 ft.; thence North 12° 10 minutes West 297.5 ft.; thence North 42° 20 minutes West 132 ft.; thence North 35° West 102.8 ft. As appears from said map, defendant has trespassed upon the property of the complainant in that he has built or erected buildings and has encroached upon complainant's property, as is shown from said map and description. The said land lines as described in Section 4 of the Bill of Complaint as last amended reputed to be owned by the defendant is correctly described by the said map and description as herein before set out, except complainant claims to own and is in actual, open, hostile, adverse and notorious possession of the land lying 100 ft. Northeasterly and parallel to the Old Mill race, which land lies Southwesterly of defendant's land."

■ The bill as finally amended consisted, as did the original, of eight paragraphs, the substantial difference between the original bill and as amended being an extension of the disputed line; that is to say, the line between the two tracts both on the west and on the south. While paragraph 5 as first amended alleged that complainant was unable to describe the line at a point other than as it was described in complainant's deed, paragraph 5a, added by the final amendment, attempted to set out the line by metes and bounds and refers to the map as designated. We cannot accede to appellant's contention that there is a repugnancy between the two paragraphs. As nearly as we can determine the description set out and the map attached do not differ in material respects from the complainant's original deed.

■ Very clearly, we think, the bill as amended substantially meets the requirements of a bill to establish and define a disputed boundary line. In such a suit, averments in the language of the statute that the boundary line between the land of complainant and the land of respondent is uncertain or disputed, is not a mere statement of a legal conclusion, but is a statement of an issuable and traversable fact.

Code, Title 13, § 129(5); Wise v. Massee, 239 Ala. 559, 196 So. 275.

■ Where the purpose of a bill to establish and define a disputed boundary line seeks the aid of the court of equity to establish and define the *true* boundary line, rather than to have a particular line (such as a wire fence) decreed to be the line, Smith v. Cook, 220 Ala. 338, 124 So. 898, the rule with respect to description of the line is, of course, less rigorous. A like distinction exists between a bill to quiet title and one to establish a true boundary. In the latter case, a bill which alleges that the complainant and respondent are coterminous owners and gives data from which a competent surveyor could determine the exact location of the line between the lands, sufficiently describes the true boundary line. Wise v. Massee, supra. See also Blalock v. Johnson, 54 So.2d 611, ante, p. 349, and cases there cited.

■ There is no merit in appellant's contention that after the court below sustained the demurrer to the amended bill, there was no bill before the court, and, hence, that the attempted final amendment, by addition of paragraph 5a, stood alone. True, when a demurrer is sustained to a bill the legal effect of that action is to eliminate the bill until amendment is filed. Savage v. Savage, 246 Ala. 389, 20 So.2d 784. But that is not to say that to amend, after demurrer sustained necessitates a reframing of the bill *in toto*. On the contrary, amendments to bills in equity may be made by interlineation, by addition of matter to existing paragraphs or the addition of new paragraphs. Alabama Warehouse Co. v. Jones, 62 Ala. 550; Ladd v. Smith, 107 Ala. 506, 18 So. 195; King v. Woodlawn Lumber Co., 201 Ala. 539, 78 So. 893; Shannon v. Ogletree, 200 Ala. 539, 76 So. 865.

■ As to those grounds of the demurrer to that phase of the bill claiming damages, appellant's argument is that "a disputed boundary line cannot be put forward as a pretext for a court of equity to award damages for an alleged trespass," citing Sloss-Sheffield Steel & Iron Co. v. Maryland Casualty Co., 167 Ala. 557, 52 So. 751, and Yauger v. Taylor, 218 Ala. 235,

118 So. 271. On the face of the bill, even construed most strongly against the pleader, it is by no means apparent that the phase of the bill seeking definition of the disputed boundary is not bona fide or is a mere pretext to have the court award damages. We here deal with a bill on demurrer, in which case the averments of the bill are taken as true. Such a contention might be appropriate on appeal from a final decree where the equitable remedy was denied and damages awarded. See Sloss-Sheffield Steel & Iron Co. v. Maryland Casualty Co., supra. Under the statute it is comprehended that all matters relating or incident to the suit to establish a disputed boundary may be determined. Code, Title 47, § 3. The general rule is that where a court of equity assumes jurisdiction of a cause, it will retain the bill and do complete justice. Whaley v. Wilson, 112 Ala. 627, 20 So. 922; Bowden v. Turner, 243 Ala. 182, 8 So.2d 849; Tuskegee Homes Co. v. Oswalt, 248 Ala. 64, 26 So.2d 865. We hold, therefore, the bill as to this phase of the case was also well filed.

We conclude there was no error in overruling demurrer to the original bill as amended.

Appellee has cross-assigned errors questioning the action of the court below in sustaining respondent's motion to strike paragraph 10 of the amendment to the bill, and in sustaining demurrer to the bill as amended. As we have shown hereinabove, these decrees were rendered respectively September 8, 1948, and April 13, 1949. The decree overruling demurrer to the bill as last amended was rendered October 19, 1950, and respondent perfected his appeal from that decree October 24, 1950. Appellee relies upon § 746, Title 7 of the Code. That statute reads: "In all cases on appeal to the supreme court or appellate court, or writ of error, the appellee or defendant in error may assign cross errors; and the court shall dispose of the same *as in other cases of assignment of error.*" (Italics ours). This statute must be construed in the light of general principles and of the statute affording the right of appeal from an interlocutory decree on a demurrer and cases giving application thereto. Code, Title 7, § 755. The condition precedent to review of an interlocutory decree overruling or sustaining demurrer to a bill in equity is that the appeal be taken within thirty days from the rendition of the decree; and errors based on such an interlocutory decree which is appealable under § 755 cannot be assigned as error on appeal from a subsequent interlocutory decree rendered after the time for appeal from the former decree has expired. Kyser v. American Surety Co., 213 Ala. 614, 105 So. 689. The appellant in this case could not have assigned as error on this appeal any former decree rendered after the time of appeal therefrom had expired. For the same reason, the appellee may not assign cross errors as regards the decree sustaining the demurrer to the bill as amended, since he had the right to have appealed from the former decree within the statutory period. The same rationale prevents cross assignments of error with respect to the action of the court in sustaining respondent's motion to strike paragraph 10 of the amendment to the bill. This interlocutory decree was not appealable and "no assignments of error can be made upon a decree which does not support an appeal". Foley v. Leva, 101 Ala. 395, 13 So. 747, 749. For the same reason, therefore, the stated ruling of the trial court as regards the motion to strike is no predicate for cross assignments of error on this appeal.

No error appears in either direct or cross assignments.

Affirmed.

LIVINGSTON, C. J., and FOSTER and GOODWYN, JJ., concur.