MENDENHALL *versus* RANDON.

1. Chancery will not decree the sale of lands, in satisfaction of a judgment, where it appears that the estate in such lands, is the subject of execution at law.
2. As where a bill was filed against a party defendant to certain judgments of a justice of the peace, praying the sale of the life estate of the defendant, in certain lands, in satisfaction thereof—held, that the life estate of the defendant, was subject to levy, by a constable, under our statute—and, so the bill not sustainable.

The complainant in this case, filed a bill in Chancery in Monroe Circuit court, praying the sale of the life estate of Randon, in certain lands, in order to discharge and satisfy the amounts due on certain judgments, rendered by a justice of the peace.— The chancellor dismissed the bill, on the ground that the complainant was entitled to relief at law: and to reverse this decission of the chancellor, the complainant prossecuted error, to this court.

LIPSCOMB, C. J.—This cause was heard, on the bill and answer. The chancellor dismissed the bill, because the complainant had a complete and ample remedy at law.

The bill, in substance, states, that, in closing a copartnership transaction, between the complainant and defendant, the defendant gave several promissory notes to the complainant, amounting, in the aggregate, to the balance due from the defendant to the complainant. That the defendant had been sued on those notes, before a justice of the peace, and judgment rendered against him.— That the defendant had removed himself from the

jurisdiction of the court, beyond the limits of the United States, and resided in the province of Texas, in Mexico. And that there is no personal property belonging to the defendant, out of which the complainant can have satisfaction of his judgments; and that the same are wholly unsatisfied.

The bill alleges, that the defendant owns a life estate in one quarter section of land, and a fee simple estate of an undivided fourth of six hundred acres of land, in the county of Monroe, in this State: and prays that satisfaction of his judgments be decreed from the sale of the said lands.

The defendant. in his answer, denies being removed beyond the limits of the United States; and avers, that he has resided, ever since his removal from this State, in the parish of Rapide, in the State of Louisiana. That both of the tracts of land, charged in the complainant's bill, have been fairly leased, for a term, not yet expired. That he is entitled to the one fourth of six hundred and forty acres, as one of the heirs of his deceased father; and, that one of the heirs has not yet come of age; and, that there has been no division of the land.

If the allegations, in the complainant's bill, are to be all taken as admitted, the title of the defendant, to the lands charged, is such, as would subject it to an execution, on a judgment, at law; and, there was no necessity for resorting to a court of chancery, to subject it to the satisfaction of the complainant's judgments.

By our statute, (Toul. 315) land may be levied on, by an execution, on a judgment, rendered by a justice of the peace, in default of personal property, which levy must remain subject to an order of sale, to be

procured from the Circuit court. We can perceive nothing to prevent the complainant from pursuing this course, to obtain satisfaction of his judgments. The life estate is a legal title, and, as such, not protected from execution. The title of a tenant in common, is also subject to execution; and, the purchaser would hold, with the other tenants, as a tenant in common.

We are, therefore, of opinion, that the decree must be affirmed.