# Fitts *v.* Craddock, *et al.*

### *Bill for Partition of Real Estate.*

[DECIDED NOV. 29, 1906, 39 SO. REP. 506.]

1. *Partition; Life Estate and Remainder.*—Property held by joint owners or tenants in common, where there are several estates, such as life estate and a remainder, may be sold for a partition by a court of equity, even at the suit of the life tenant, it appearing that the property cannot be equitably divided.
2. *Same; Power of Chancery.*—A court of equity may decree a complete partition at the instance of the life tenant of property held in common, and make such orders as are necessary to preserve to the remainder man his share of the estate at the termination of the particular estate.

APPEAL from the Tuscaloosa County Court.

Heard before Hon. HENRY B. FOSTER.

Bill by William F. Fitts against Lucy Craddock and others for sale of a certain lot named therein for partition.

Berry and Craddock owned, each, an undivided half interest in a certain lot in Tuscaloosa. Berry conveyed his interest to William F. Fitts. Craddock died leaving a will by which he left to his widow, Lucy Craddock, a life estate in this lot, with a remainder in his children Fitts acquired the life estate of the widow. The proof showed that the land could not be equitably divided among the several point owners.

The widow of Craddock and the children of Craddock, who had a remainder in said lot, were made parties to the bill.

There were demurrers interposed to the bill setting up that the bill shows on its face that there were several estates of different duration involved, and that the person filing the bill owned the life interest of Lucy Craddock in the lot. And there was motion to dismiss for want of equity.

[Fitts v. Craddock, *et al.*]

The court dismissed the bill, and from that order this appeal is taken.

HENRY FITTS, for appellant; insisted that the partition statute should be liberally construed; and that partition is a matter of right, and may be compelled as well against a life tenant as obtained at his suit. Citing, *McQueen v. Turner*, 91 Ala. 273, 276; *Gayle v. Johnson*, 80 Ala. 398; Freeman on Co-tenancy and Partition, § 446, p. 543; Knapp on Partition, pp. 24 and 93; *Teiman v. Baker*, 63 Tex. 641.

No counsel marked appearing for appellee.

TYSON, J.—The real estate sought to be sold for partition, prior to the acquisition by complainant of any interest therein, was owned jointly by Berry and Craddock each owning an undivided one-half interest.

Complainant acquired Berry's interest. Craddock died leaving a will, by which he devised to his wife a life estate in the property and a remainder to a certain named person or persons, who are made parties respondent to the bill. Complainant acquired this life estate. It is shown that the property could not be equitably divided.

On motion the bill was dismissed for want of equity.

At one time it was doubted whether partition could be declared in favor of a tenant for life so as to effect the estate of a remainderman. Under the older authorities the impression obtained that partition had at the suit of a life tenant was and could be binding only during the continuance of the particular estate, and that when the life estate falls in, there will be a relapse to the status of occupancy in common unless other partition proceedings be resorted to.

But this idea has long since been departed from and the rule established permitting all interest in the estate to be brought before the court and represented so that a decree may be rendered binding thn and concluding the claims of all remaindermen as well as that of a life tenant.

"If a complete partition be desired, all parties in interest may be brought before the court and all estates,

[Fitts v. Craddock, *et al.*]

whether in possession or expectancy, including those of infants and all persons not *in esse* may be bound by the decree."—*Gayle v. Johnson,* 80 Ala. 395, 398, and authorities there cited.

In *McQueen v. Turner,* (91 Ala. 273, 8 So. Rep. 863), it is said: "Partition is a matter of right, and is authorized by the statute among joint owners or tenants in common holding the lands, without reference to the duration of the estate. It may be compelled as well against a life tenant as obtained at his suit. The statute confers on the chancery court concurrent jurisdiction with the probate court to divide or partition or to sell for division or partition, any property, real, personal or mixed, held by joint owners or tenants in common. * * * By authority of the statute, the chancery court may, in all cases in which the party asking for partition is entitled, decree a sale and divide the proceeds when the property cannot be equitably divided." It is also held in that case that a remainderman's interest in the property may be bound by the decree, and may be preserved to him by securing his share of the proceeds at the termination of the particular estate, by requiring bond and security before turning it over to the life tenant. The remedy in equity by partition says Mr. Pomeroy, "is not confined to the tenants in possession, but extends to all persons interested, whether presently or in expectancy, and remaindermen, revisioners, infants and person not *in esse* may be bound by the decree."—4 Pom. Eq. (3rd ed.), § 1387, and cases cited in note 1.

Under these principles the bill clearly has equity and the decree dismissing it must be reversed.

The respective rights of the respondents as remaindermen, under the will of Craddock in the property sought to be sold, as between themselves, are not involved on this appeal. Therefore, a construction of the will to the end of ascertaining which of them are remaindermen and the character of the estate devised in remainder is wholly unnecessary.

Suffice it to say that the averments of the bill clearly show that complainant has an interest in the property, and the extent of that interest, and that a remainder interest belongs to some one of the respondents.

A decree will be here entered reversing the decree appealed from and overruling the motion to dismiss the bill. Reversed and rendered.

SIMPSON, ANDERSON and DENSON, JJ., concurring.