# Crawford Merc. Co. *v.* Anderton, *et al.*

*Ejectment.*

(Decided January 23, 1913. 60 South. 874.)

1. *Ejectment; Defenses; Equitable Title.*—Where the plaintiff relied on a sheriff's deed under execution sale, the defendant in ejectment, relying on a deed executed by the debtor subsequent to the levy but prior to the sheriff's deed, could not establish his title by a parol contract of sale prior to the attaching of plaintiff's judgment and execution levy, the payment of part of the purchase price and the assumption of a mortgage debt on the premises, and that the execution of the deed to him was only the consummation of the prior contract, since any title he may have acquired was only a prior equitable title, unavailing in ejectment in the absence of proof of the recording and assigning of the mortgage to him.

2. *Execution; Judgment; Registering; Relation Back.*—A judgment recorded under sections 4156 and 4157, Code 1907, operates to impose a lien on all the property of the debtor in the county where recorded and on a sale under execution a sheriff's deed under the judgment relates back as of the date of the attaching of the lien on the recording of the judgment, and a deed to a third person passes no legal title although made befóre the execution of the sheriff's deed, but after the lien of the judgment had attached.

APPEAL from Cullman Circuit Court.

Heard before Hon. D. W. SPEAKE.

Ejectment by the Crawford Mercantile Company against James Anderton and others. There was judgment for the plaintiff, which on motion of the defendant was set aside and a new trial ordered and plaintiff appeals. Reversed and remanded.

J. B. BROWN, for appellant. The doctrine of equitable estoppel is without application in an ejectment suit which must be determined on the legal title.—*Nevill v. Chesshire,* 163 Ala. 390; *Milan v. Crowley,* 144 Ala. 547; *Maxwell v. Grace,* 85 Ala. 578. The registration of the judgment was in accordance with the requirements of the Code.—Sections 4156 and 4157, Code 1907. Such registration created a lien and the levy of execution, sale and execution of deed therefor related back and took effect as of the date of the lien.—*Street v. Duncan,* 117 Ala. 572; *Thames v. Rembert,* 63 Ala. 572; *Watson v. Field,* 78 Ala. 361; *Sawyer v. Ware,* 36 Ala. 675. Even if a deed was executed as of the date of the alleged oral agreement it was not recorded and hence was void as to a judgment creditor.—Section 3383, Code 1907; *Motley v. Jones,* 98 Ala. 446; *Vary v. Ensabaugh,* 156 Ala. 451.

F. E. ST. JOHN, for appellee. As between the parties to the oral agreement the conveyance in pursuance thereof related back and took effect as of the date of

the agreement.—*Chapman v. Fields,* 70 Ala. 403; *L. &
N. R. R. Co. v. Boykin,* 76 Ala. 560. The provisions of
section 3283, Code 1907, are without application to this
case.—*Bailey v. Levy,* 115 Ala. 565. The possession of
the tenant was sufficient constructive notice of title.
—*Headley v. Bell,* 84 Ala. 346. The recording of a
judgment in the office of the probate judge of Walker
county did not create a lien on the land situated in
Cullman county.

MAYFIELD, J.—This was a statutory action in the
nature of ejectment. The parties claimed title through
a common source, one Watson. Plaintiff (appellant
here) claimed through a sheriff's deed, while defend-
ant claimed through a deed from Watson. Plaintiff re-
covered a judgment against Watson in the law and
equity court of Walker county. A certificate of this
judgment was issued and recorded in the probate office
of Cullman county on April 1, 1908. An execution was
issued on the judgment from the Walker county court
on the 20th of January, 1908, and was placed in the
hands of the sheriff of Walker county on the 19th day
of March, 1908, and forwarded to the sheriff of Cullman
county, and was levied upon the land in question on
the same day on which the certificate was recorded in
the probate office; that is, on the 1st day of April, 1908.
A sale was had under the execution on June 8, 1908,
and deed executed on June 22, 1908, and recorded in
Cullman county on the 12th of August, 1908.

The defendant claimed through a deed from Watson,
executed the 18th day of April, 1908, subsequent to the
filing of the certificate of judgment in Cullman county,
and subsequent to the levy, but prior to the execution
of the sheriff's deed. The defendant also offered to
show a parol contract of sale prior to the attaching of

plaintiff's judgment and execution lien, and payment of part of the purchase price, and assuming to pay a mortgage debt on the land, and that the execution of the deed was only a consummation of the prior contract of sale. The trial court excluded this evidence offered by the defendant, and gave the affirmative charge for plaintiff, which resulted, of course, in a verdict and judgment according to the charge. The defendant moved the court for a new trial on account of the error in declining to allow him to make proof of the facts above set forth, upon which he claimed title. The court granted the motion and set aside the verdict and awarded a new trial; and, from this judgment, plaintiff prosecutes this appeal.

We are of the opinion that the trial court erred in this matter, to the prejudice of plaintiff. If the trial court had admitted all the evidence offered by the defendant, and the jury had believed it, the plaintiff would still have been entitled to the affirmative charge and to a verdict and judgment for the lands sued for. The defendant may have had a prior equitable title; but, if so, it was unavailing in this action of ejectment. This has been decided so often by this court that it would seem to be unnecessary to cite the cases.

It is stated in brief of counsel that the trial court relied upon the case of *Milam v. Coley,* 144 Ala. 535, 39 South. 511, in support of his action in granting the new trial. We do not think that case supports the ruling, but, as we shall show, that it holds the contrary—that an equitable title cannot be looked to in an action of ejectment. If the mortgage had been recorded and assigned to the defendant, so as to have passed the legal title, the rights, of course, would have been different; but the mortgage was not shown, and the defendant did not offer to show that it was recorded and assigned. It

was therefore void as against the lien of plaintiff's recorded judgment and execution.

The statutes as to the registration of judgments, and the effect of the liens created thereby, upon the legal title of the property of defendants, were construed by this court in the case of *Goodbar v. Blackwell,* 170 Ala. 232, 54 South. 532. It was there decided that: "Where a judgment is recorded as provided by section 4156, Code 1907, it operates to impose a lien on all the property. of the defendant, in the judgment in the county where filed (section 4157, Code 1907), and hence a purchaser of personal property from the judgment defendant, subsequent to the recordation of such judgment, takes its subject to the lien of such judgment, and cannot prevail against enforcement of same on execution issued on such recorded judgment. There is no conflict between sections 4093 and 4157, Code 1907, as the liens given by the two statutes. are separate and distinct."

In the case of *Street v. Duncan,* 117 Ala. 573, 574, 23 South. 523, it is said: "The record of such judgment gives the plaintiff therein the right to enforce the same by an execution issued thereon, at any time within 10 years, just in the same manner and to the same extent as if executions had been regularly issued on the judgment without the lapse of a term, up to that time. The recorded judgment was intended, as we have held, to have the effect of an execution in the hands of the sheriff, 'as an instrumentality of creating and preserving a lien.'—*Reynolds v. Collier,* 103 Ala. 245, 248 [15 South. 603, 604]; *Enslen v. Wheeler,* 98 Ala. 200 [13 South. 473]; *Decatur C. Works v. Moses,* 89 Ala. 542 [7 South. 637]. "The lien of an execution,' says Mr. Freeman, 'does not transfer title. It does not change the right of property and vest it at once in the plaintiff in execution, nor in the officer charged with the execution of the

writ.  It confers, however, the right to levy on the property, to the exclusion of all transfers and liens made by the defendant subsequent to commencement of the execution lien.  When the levy and sale are made, the title relates back to the inception of the lien, and thus takes precedence over all transfers and incumbrances made subsequently to such inception.'—Freeman on Executions, § 195; *Sawyer v. Ware,* 36 Ala. 676, 682; *Thames v. Rembert,* 63 Ala. 573; *Watson v. Steele,* 78 Ala. 361. Again it was long ago held that, when an execution lien once attaches, it cannot be lost without some act with which the plaintiff is chargeable, or neglect which the law makes prejudicial to his rights.—*Wood v. Gary,* 5 Ala. 43."

By virtue of the statutes as to recording and registration of judgments, plaintiff's lien attached to the land in question on the 1st day of April, 1908; and, by virtue of the legal fiction, the sheriff's deed of June 22, 1908, related back and took effect as of April 1st, when the lien attached.  So far as the litigants are concerned, the legal title to this land was in Watson; and, by virtue of the statute and the legal fiction above referred to, this legal title passed to the plaintiff by the sheriff's deed as if Watson had conveyed to him on the 1st day of April.  So, whatever right or title defendant had before this date, it was only an equitable one, which is unavailing in an action of ejectment.  If the property in question had been personal, the title might have passed by virtue of the parol contract, and by the acts in pais offered to be proven by the defendant; but this is not and cannot be true under the law of this state as to conveyances of land.  If equitable titles could be tested in an action of ejectment in this state, as may be done in some other states, defendant's proffered evidence

might be availing; but such has never been the law or practice in this state.

There was never any visible change of possession in this case, which would be binding on the judgment creditors of Watson; the mere fact that his tenant agreed to attorn to the defendant was not sufficient to affect the rights of such creditors.—*Paulk v. King,* 86 Ala. 332, 6 South. 612; *Watt v. Parson,* 73 Ala. 202. Although Watson executed the deed to the defendant before the sheriff made the deed, it was after the lien had attached, and of course was subject to this lien; and, by virtue of the statute and the fiction above referred to, the legal title had passed out of Watson on the 1st day of April, 18 days before Watson conveyed to the defendant.

For these reasons, we are of the opinion that the trial court erred in granting the new trial; and that judgment is here set aside and annulled.

Reversed and remanded.

DOWDELL, C. J., and ANDERSON and DE GRAFFENRIED, JJ., concur.