# Hollis, *et al. v.* Watkins.

*Partition.*

(Decided April 23, 1913.   61 South. 893.)

*Partition; Estates; Life Estate.*—Where seven persons own each an undivided one-seventh interest in land, subject to an undivided one-sixth and one-fourth interest for life vested in two other parties, all the parties are tenants in common, and the fact that two of them held only for life would not defeat a partition of the land.

APPEAL from Lamar Chancery Court.

Heard before Hon. WILLIAM H. SIMPSON.

Bill by Della Watkins against J. L. Hollis, and another, for partition. From a decree overruling demurrers to the bill, respondents appeal. Affirmed.

[Hollis, et al. v. Watkins.]

WALTER NESMITH, and MARTIN & MARTIN, for appellant. The bill shows that two of the respondents own a life estate in an undivided one-third and a one-half interest in the land sought to be divided. This was pointed out by demurrer, and the demurrers should have been sustained.—*Wilkinson v. Stewart*, 74 Ala. 198.

WILSON KELLY, for appellee. All the parties were tenants in common and there was nothing shown in the bill to defeat the right of partition.—*McQueen, et al. v. Turner*, 91 Ala. 272; *Fitts v. Craddock*, 144 Ala. 437. The authority of the case cited by appellant has been rendered nugatory by section 523, Code 1907.

SOMERVILLE, J.—The bill is for the sale of real estate for division among tenants in common, and alleges that complainant and six of the respondents own each an undivided one-seventh interest therein, subject to an undivided one-sixth and one-fourth interest for life vested severally in the other two respondents.

In this state of the title, all of the parties are tenants in common, and the fact that two of them hold only for life is no bar to a sale for division.—*Fitts v. Craddock*, 144 Ala. 437, 39 South. 506; *McQueen v. Turner*, 91 Ala. 273, 8 South. 863; *Gayle v. Johnson*, 80 Ala. 395. The case of *Wilkinson v. Stuart*, 74 Ala. 198, cited in brief for appellant, only holds that partition cannot be had of an estate held entirely in reversion or remainder, and is, of course, not applicable to a case like this.

The demurrer to the bill was properly overruled, and the decree will be affirmed.

Affirmed. All the Justices concur, except DOWDELL, C. J., not sitting.