# Wheat, *et al. v.* Wheat, *et al.*

### *Partition.*

(Decided November 7, 1914.  Rehearing denied December 17, 1915.
67 South. 417.

1. *Partition; Property and Estate Subject.*—Where complainant owned a present interest, and was entitled to immediate possession and enjoyment, he was entitled to partition, as a matter of right, although it involved the setting apart of interests in reversion or remainder, and although no partition can be awarded where complainant has only an estate in reversion, with no present right of possession.

2. *Same; Sufficiency; Necessity for Sale.*—A bill alleging that complainants and respondents, jointly own all the land described in the bill, that it could not be equitably divided or partitioned among them without a sale because of the location of improvements, and because two parties held only a 1/98 interest each, three parties a 15/98 interest each, two parties a 22/98 interest each, and one party a 1/7 interest, subject to the life estate of her husband, sufficiently showed the impracticability of an actual partition, and the necessity for sale, and this was not destroyed by further averments of particulars, from which different conclusions might be drawn, as a pleader is allowed to draw his own reasonable conclusion.

3. *Same; Description of Parties.*—A bill alleging that a certain named person during her life owned an undivided one-seventh interest, that she left a surviving husband entitled to an estate by curtesy, who is made a party defendant, but who had not been heard of for ten years or more, and claimed no interest, was not objectionable as incorrectly describing the interest of the parties, as the interest of the surviving husband, if any, could be preserved and determined on final hearing.

4. *Tenancy in Common; Adverse; Possession of One Co-tenant; Receipt of Profits.*—The possession of one co-tenant is presumed to be for the benefit of all, and this presumption continues until there is a disseisin by a clear repudiation and denial of the right of the other co-tenants, brought home to their actual knowledge either by express notice or by acts of such open, notorious and hostile character as to constitute notice in themselves; nor does the exclusive receipts of rents and profits by a co-tenant, whose possession is not hostile to the co-tenants, constitute an adverse holding against such tenant.

5. *Same; Accounting.*—On a bill to sell certain lands for partition, which avers that one of the co-tenants had received the rents and profits in part paid over to other co-tenants who had previously received their share of the rents and profits as tenants in common of the other owners, such co-tenants were accountable for cotton collected as rent, and were accountable to their co-tenants, although two of them had conveyed their interest to the third, reserving a re-

[Wheat, et al. v. Wheat, et al.]

mainder, although none of them were living on the land, for the rights and equities of the parties should be settled in one proceeding.

6. *Partition; Attorney's Fee; Demurrer.*—On a bill by co-tenants for partition by sale, the fact that an attorney's fee was sought to be charged against the respondent's interest did not render the bill demurrable, since that could be more properly raised on the final hearing.

APPEAL from Macon Chancery Court.

Heard before Hon. L. D. GARDNER.

Bill by Moses H. Wheat and others against Jessie L. Wheat and others, for partition of certain land. Decree on demurrer for complainants, and respondents appeal. Affirmed.

It is alleged that complainants, jointly with the respondents named herein, own certain lands described in the bill located in Macon county, Ala., and that complainants and respondents together own all of said land in the proportions set forth in the bill. Complainants allege that the real estate cannot be equitably divided or partitioned among the joint owners thereof without a sale, because of the inequality of interest, location of improvement, and the very small interest belonging to some of the heirs, as the property must be diveded between two parties who hold a 1-98 interest each, three parties who hold a 15-98 interest each, two parties who hold a 22-98 interest each, two parties who hold a 1-98 interest each, one party a 1-7 interest, and the 7-98 interest of Mrs. Cook, which is subject to the life estate of her husband, W. T. S. Cook, although he has never claimed said interest, and his whereabouts are at present unknown. The bill also alleges the receipt of rents, income, and profits of the land by Jessie L. Wheat, but that the amounts and disposition of same are unknown, and other matters not necessary to be here set out. The demurrers raise the question discussed in the opinion.

J. M. CHILTON, for appellant.

R. H. POWELL, and O. S. LEWIS, for appellee.

SAYRE, J.—(1) It is urged for appellants, on the authority of *Wilkinson v. Stuart,* 74 Ala. 198, that there can be no partition or sale for division of the land in question because some of the parties own interests in remainder. In the case relied upon, the parties —all the parties—had only an estate in reversion. In that case, there being no present right of occupancy, it was held in consonance with the authorities generally that no partition could be awarded. But our cases also hold that, where the party complainant owns a present interest and is entitled to immediate possession and enjoyment, partition is awarded on his prayer, as matter of right, although it may involve the setting apart of interests in reversion or remainder.—*Fitts v. Craddock,* 144 Ala. 437, 39 South. 506, 113 Am. St. Rep. 53; *Fies v. Rosser,* 162 Ala. 504, 50 South. 287, 136 Am. St. Rep. 57.; *Letcher v. Allen,* 180 Ala. 254, 60 South. 828; *Clements v. Faulk,* 181 Ala. 219, 61 South. 264; *Kidd v. Borum,* 181 Ala. 144, 61 South. 100. Complainant in this case being entitled to the present use and enjoyment of an interest in the land, it is no objection to their bill that some of the parties defendant claim in remainder only.

(2) On the authority of *Smith v. Witcher,* 180 Ala. 102, 60 South. 391, and *Trucks v. Sessions,* 189 Ala. 149, 66 Sonth. 79, we hold that the bill in this case sufficiently shows the impracticability of an actual partition and the necessity for a sale. Such is, in effect, the general averment of the bill; and the ruling of the cases cited is that the sufficiency of such averments is not destroyed by the further averment of particulars

from which different conclusions may be drawn. The pleader is allowed to draw his own not unreasonable conclusion.

(3) We are not advised by the bill that it incorrectly describes the interest of the parties, as the demurrer asserts. It is alleged that Estelle C. Cook, during her lifetime the owner of an undivided one-seventh interest in the land, on her death, which occurred 15 years ago, left surviving her a husband, W. T. S. Cook, who thereby became entitled to an estate by curtesy; that complainants have not heard of him for ten years or more, and on these facts it is averred that he claims no interest in the land. However, he is made a party defendant, process by publication has been had against him, and, whether he claims an interest or not, in either case the extent of the interest of each of the other parties complainant and defendant is stated correctly in each alternative, so far as we are able to perceive. It may be that on the final hearing, if relief is awarded under the bill, it will be necessary to preserve the interest of Cook, and to apportion the interests of the parties on the basis of his participation, in the proceeds of the sale, but, if so, that is a matter which will then be correctly determined, and for it the decree will make such provision as may then seem to be necessary and proper.

(4) It is averred in the bill that for the past ten years or more the defendant Jessie L. Wheat has had control and management of the land to be sold for partition or division; that during said time she has taken rent notes in her own name and has collected and received the rents, and has sold and collected for wood, timber, and other things of value belonging to the alleged tenants in common. On this averment defendants' demurrer invokes, as appearing upon the face of the

bill, the defenses of laches and the statute of limitation against complainants' ownership and the remedy sought. It is said that the bill shows that defendant Jessie L. Wheat has been and is now holding and claiming adversely to complainants and the other parties defendant. This contention must be denied on familiar principles which hardly call for extended argument. The possession of one cotenant is presumed to be for the benefit of all, and this presumption continues until there is a disseisin by a clear repudiation and denial of the rights of the other co-tenants brought home to their actual knowledge, either by express notice or by acts of such an open, notorious, and hostile character as to constitute notice in themselves.—*Ashford v. Ashford,* 136 Ala. 631, 34 South. 10, 96 Am. St. Rep. 82; *Palmer v. Sims,* 176 Ala. 59, 57 South. 704. Mere possession by one co-tenant does not operate as an ouster of another. Nor will the exclusive receipt of rents and profits by a co-tenant, in connection with a possession not otherwise characterized by hostility, suffice to constitute an adverse holding, as matter of law.—38 Cyc. 31. We think the bill does not disclose a title in defendants by adverse holding, and that the demurrer asserting the contrary is not well taken.

(5) It is further averred in the bill that Jessie L. Wheat has received rents and profits, and that they have in part been paid over to her codefendants, C. R. A. E. Wheat and Laura L. Wilson. It is thereupon argued, upon the separate assignments of error by the named parties, that they cannot be held to an accounting for the rents and profits received by them. A reasonable interpretation of the bill is that these parties, prior to 1912 at least, were in the receipt of a share of the rents and profits in virtue of their tenancy in common with the other owners, and that, such being

the case, they must account to their co-owners as an
incident to the partition sought. If complainants were
seeking to charge defendants for the mere friendly use
or occupation of the land, that would afford material
for another story.—*McCaw v. Barker,* 115 Ala. 543, 22
South. 131.

As for the rents of the year 1912 in particular, al-
leged to have been received by the defendant Jessie L.
Wheat and in part turned over to her mother, Mrs. C.
R. A. E. Wheat, and her sister, Laura L. Wilson, after
said Jessie and Laura had conveyed their interest to
their mother for her life, reserving to themselves an
estate in remainder—in which said rent (cotton), the
bill hence alleges, said Jessie L. and Laura L. had no
interest whatever—the separate demurrers filed by these
three defendants question their accountability for such
rent in this proceeding specifically on the ground that
they did not collect or receive it as tenants in common
with complainants. These three defendants were not
living upon the land, but this rent was collected spe-
cifically as rent, so that, if the title to the land out of
which this rent issued was as the bill avers it was, they
are accountable to their co-owners in whatever capacity
or by whatever title they claimed the right to collect
or receive it.—*Sanders v. Robertson,* 57 Ala. 465. The
parties all still own an interest in the property either
in præsenti or in futura, and their rights and equities
should be settled in one proceeding. The bill is not
multifarious, as multifariousness is defined by the stat-
ute, nor, for that matter, is any objection taken on that
ground.—Code, § 3095. It occurs to us that the under-
lying question and the only question of any doubt in
this feature of the case is whether the amounts col-
lected from the rent of 1912, and for which these de-
fendants may be found accountable to their co-tenants,

[Wheat, et al. v. Wheat, et al.]

should be charged in the decree for partition as a lien upon their interests. This precise question is not presented by the demurrers, nor is it argued in brief of counsel for appellant—the only brief we have—though the argument has been such as to lead us to a statement of what appears to be the real difficulty of the case. Possibly this is not the question that disturbs appellants, and was not raised in this form because it was a matter of indifference to them, if they had to account at all. In this state of the case, it seems proper, if not necessary, to leave the primary disposition of this question to the chancellor, who will have all the facts before him when he comes to the rendition of his final decree on pleadings and proof.

(6) Question as to the attorney's fee sought to be charged against defendant's interest in the land will also be more properly raised upon final hearing. There was no error in overruling the demurrer on this account.—*Smith v. Witcher, supra.*

We think we have said enough. Our judgment is that the decree as for anything settled by it should be affirmed. Let appellants have 30 days, or such other time as the chancellor may fix, in which to answer over.

Affirmed.

McCLELLAN, MAYFIELD, and DE GRAFFENRIED, JJ., concur.