(75 South. 939)

COBB v. FRINK et al. (3 Div. 256.)

(Supreme Court of Alabama. May 17, 1917.)

1. PARTITION ⊜⟸12(5) — ACTIONS — ESTATES SUBJECT TO PARTITION—LIFE ESTATES—REMAINDERS AND REVERSIONS—COTENANCY.

As there is no relation of cotenancy between the life tenant and the remaindermen, the holder of a life estate only could not compel partition and sale of the land under the laws providing for the sale of land owned by tenants in common.

[Ed. Note.—For other cases, see Partition, Cent. Dig. §§ 41, 42, 47, 48, 50.]

2. PARTITION ⊜⟸12(5)—LIFE TENANT.

Where the owner of a life estate only was not entitled to enforce partition as against remaindermen, fact that some of the remaindermen suffered decrees pro confesso to be taken against them was immaterial as to rights of the life tenant to compulsory partition.

[Ed. Note.—For other cases, see Partition, Cent. Dig. §§ 41, 42, 47, 48, 50.]

Appeal from Chancery Court, Conecuh County; O. S. Lewis, Chancellor.

Suit by Mary Ella Cobb against Katie Bowles Frink and others. Decree for defendants, and plaintiff appeals. Affirmed.

Hamilton & Stallworth, of Evergreen, for appellant. E. E. Newton, of Evergreen, for appellees.

McCLELLAN, J. [1] This bill, which seeks a sale of land for division of the proceeds, is filed by the holder of a life estate only. The chancellor entertained the opinion, and accordingly decreed, that the owner of a life estate only could not compel the sale of lands under the laws providing for the sale of land owned by tenants in common. His conclusion was correct, and is pointedly sustained by our case of Kelly v. Deegan, 111 Ala. 152, 20 South. 378. It was there soundly said:

"The indispensable element of every compulsory partition is a cotenancy. Whatever other relation may exist, if this relation does not exist, there is no right to partition. * * * As between the tenant of the particular estate, whether the estate be for years or for life, and the remaindermen or reversioner, there is no tenancy in common, and partition between them cannot be compelled. * * * The particular estate, and the remainder or reversion, are carved out of and are parts of the same entire inheritance. They are distinct parts, and, as it is expressed by Chancellor Kent, 'to be enjoyed partitively and in succession.' 4 Kent, 199."

The absence of right to compulsory partition—because of the absence of the relation of cotenancy between the life tenant and the remaindermen or reversioner—concludes, on like principles, against the right to compel a sale for division; cotenancy being similarly essential to create the right. Kelly v. Deegan, supra. These pronouncements in that decision are manifestly sound. They are not dicta; but, if they were, that fact would not detract from their correctness.

[2] In all of the cases cited on the brief for appellant, viz. Fitts v. Craddock, 144 Ala. 437, 39 South. 506, 113 Am. St. Rep. 53; Cramton v. Rutledge, 157 Ala. 141-150, 47 South. 214; Fies v. Rosser, 162 Ala. 504-510, 50 South. 287, 136 Am. St. Rep. 57; Hall v. Condon, 164 Ala. 393-395, 51 South. 20; Letcher v. Allen, 180 Ala. 254-257, 60 South. 828; Hollis v. Watkins, 181 Ala. 248, 61 South. 893; Wheat v. Wheat, 190 Ala. 461, 67 South. 417, there was a relation of cotenancy, and the complainant in each of them was a cotenant, not a life tenant only. The fact that some of the respondents suffered decrees pro confesso to be taken against them did not alter the status or constitute the complainant anything other than what she averred she was, at this time, in her bill, viz. a life tenant only.

It is hardly necessary to remark that we have not undertaken a construction of Mr. Bowles' will.

Affirmed.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.