(95 South. 881)

## BECK et al. v. KARR. (8 Div. 510.)

(Supreme Court of Alabama. April 5, 1923.)

**1. Homestead ⬥150(1)—Bill by widow to have homestead allotted held without equity.**

Bill by widow to have homestead allotted *held* without equity, where there had been no administration of the estate of deceased, and the homestead of deceased at the time of his death was less than 160 acres, but exceeded in value $2,000, in view of Code 1907, §§ 4197, 4205, 4207, 4208, 4209–4223, 5419.

**2. Partition ⬥13—Not maintainable by widow, having dower interest alone, for sale for division.**

In view of Code 1907, §§ 3813–3815, 3825, 3826, 5231, a widow having a dower interest alone cannot have her deceased husband's land sold for division; she not being a joint owner or tenant in common with children owning the reversionary interest.

**3. Dower ⬥78—Widow's bill, seeking sale for division of her deceased husband's land to determine dower interest, must show her separate estate not in excess of dower.**

Under Code 1907, § 3814, where widow's bill, seeking sale for division of her deceased husband's land to determine and set apart her dower interest, showed that she had received $1,000 from an insurance policy on the life of her husband payable to her, this was her separate estate, and the bill should have shown that her separate estate did not exceed the value of her dower interest and distributive share in her husband's estate.

**4. Homestead ⬥143—Trusts ⬥63¾, 103(2) —Widow held to have no lien or resulting or constructive trust on her children's land for improvements.**

Where widow on her husband's death used her life insurance money and other money to erect a house on the family homestead, her minor sons agreeing to remain unmarried and at home until they were 21, and to maintain her, which agreement they broke, *held*, that she had no lien on or resulting or constructive trust in the land of the minors for the value of the improvements so placed on their land by her.

Appeal from Circuit Court, Marshall County; W. W. Haralson, Judge.

Bill by Lorena Karr against Leldon Beck and others. From the decree rendered, defendants appeal. Reversed, rendered, and remanded.

Street & Bradford, of Guntersville, for appellants.

Allotment before administration can be made only by the probate court. Code 1907, §§ 4224—4227. Under the averments of the bill, as to improvements made by complainant, the presumption of a gift arises. Waddail v. Vassar, 196 Ala. 184, 72 South. 14; Long v. King, 117 Ala. 423, 23 South. 534; 39 Cyc. 143; Pritchard v. Pritchard, 134 App.

Div. 301, 118 N. Y. Supp. 882; Higdon v. Higdon, 57 Miss. 264; Caldwell v. Pickens' Adm'r, 39 Ala. 514. The widow, owning only a life interest, cannot maintain a bill for division. Code 1907, § 5222. The homestead exceeding $2,000 in value, allotment was necessary; and, none having been made, the rule of abandonment prevails. Banks v. Speers, 97 Ala. 560, 11 South. 841; Barber v. Williams, 74 Ala. 331; Norton v. Norton, 94 Ala. 481, 10 South. 436. Repairs and improvements are not "necessaries" for which an infant may bind himself personally. 22 Cyc. 595; Tupper v. Cadwell, 12 Metc. (Mass.) 559, 46 Am. Dec. 704; Freeman v. Pridger, 49 N. C. 1, 67 Am. Dec. 258.

Orr & Kilcrease, of Albertville, for appellee.

Where the bill does not show affirmatively an adequate remedy at law, it must be set up by plea or answer, and not by demurrer. Bunn v. Timberlake, 104 Ala. 263, 16 South. 97. The money expended by complainant was for the necessary well-being of the minors, and the contract should be upheld. Ex parte McFerren, 184 Ala. 223, 63 South. 159, 47 L. R. A. (N. S.) 543, Ann. Cas. 1915B, 672; Smoot v. Ryan, 187 Ala. 396, 65 South. 828. Equity, having acquired jurisdiction for one purpose, will grant full relief. Whaley v. Wilson, 112 Ala. 627, 20 South. 922; Kilgore v. Kilgore, 103 Ala. 614, 15 South. 897.

MILLER, J. This bill of complaint was filed by Lorena Karr against Leldon Beck and others. The complainant was the wife of R. D. Beck, who died intestate on December 4, 1919, leaving surviving him his widow (complainant) and the defendants, his four minor children. His widow, the complainant, afterwards married one Karr. The deceased, R. D. Beck, owned 82 acres of land, on which he, complainant, and defendants resided at the time of his death, and this was all the land owned by him at the time of his death, exceeding in value the sum of $2,000. There was an insurance policy on his life for $1,000, payable to complainant, which she collected, together with about $1,150 in cash and some other personal property belonging to him when he died.

[1] The bill as amended seeks primarily to have a homestead allotted to complainant, the widow, and the defendants, the minor children of R. D. Beck, deceased. All four of the children were minors when their father died, being 19, 17, 11, and 3 years of age, respectively. There is and has been no administration on the estate of R. D. Beck, deceased. The equity of this bill cannot be supported alone on the ground simply as one for the allotment of homestead, without the averment of some special equity, except under the conditions named and prescribed in section 4197 of the Code of 1907. Those con-

ditions are not shown by the averments of the bill to exist in this case, and no facts are averred showing any special equity therein. The probate court is the statutory and proper tribunal for the allotment of a homestead out of the estate of a resident of this state leaving surviving him at his death a widow and minor children who are bona fide residents of this state. Sections 4205, 4207, 4208, and 5419, Code 1907.

Under section 2520, if qualified to serve, the widow has the first right to be appointed administratrix of the estate of her husband by the probate court. If for more than 20 days after grant of administration, the appraisers fail to appraise the homestead or to make report in reference to the homestead, then upon the written application of the widow the probate court shall appoint three commissioners, who shall appraise the homestead in the manner required of the appraisers. The statute provides the manner and mode by which the homestead can be allotted to the widow and minor children in the probate court. Sections 4209–4223, Code 1907.

This bill is an attempt by complainant, the widow, to have the homestead of her husband at the time of his death, which was less in area than 160 acres, but exceeded in value $2,000, set apart as exempt to her and the defendants, his minor children, without and before there is any administration on his estate. This court, in Dake v. Sewell, 145 Ala. 582, 39 South. 819, made the following declaration on the subject:

"The husband, J. A. Sewell, being the owner at the time of his death of 235 acres of land and over $2,000 in value, the widow could acquire no title to it as a homestead, unless it be set apart to her in the course of administration upon her husband's estate, and the probate court was without jurisdiction to decree her the homestead before administration. Brooks v. Johns, 119 Ala. 412, 24 South. 345; Chamblee v. Cole, 128 Ala. 649, 30 South. 630. The statutes permitting a selection by the widow or authorizing the homestead to be set apart before administration are only applicable when decedent owned not exceeding the exemption at the time of his death. The fact that the widow claimed dower and reduced the acreage under 160 acres did not give her the right to the homestead without administration. The law dispenses with an administration only in case the property owned at the time of the husband's death does not exceed the exemption, not in case it is reduced by some act of the widow subsequent to his death."

And in Chamboredon v. Fayet, 176 Ala. 218, 57 South. 847, this court said:

"But if the homestead is worth more than $2,000, there must be an administration and selection to vest title."

The complainant has a clear and adequate remedy in the probate court by administering on the estate for having a homestead allotted to her and the minor children out of this 82 acres of land. No special facts or reasons are averred giving this equity court the right to do so, and the equity of this bill cannot rest on that ground.

[2] After the homestead of the value of $2,000 is carved out of the 82 acres of land, under the averments of the bill there will remain some land in which the complainant would probably own a dower interest. Under the facts averred there are lineal descendants and her dower interest would be one-third part thereof during her life. Section 3813, Code 1907. When dower interest cannot be assigned by metes and bounds the widow, heir, or representative of the husband's estate, may petition the court of probate to cause assignment of dower to be made. Section 3825, Code 1907. There is nothing in the bill showing it cannot be assigned by metes and bounds by order of the probate court and when assigned the complainant would own it during her life, and the reversion would be in the four minor children, the respondents. The widow, the complainant, would own no interest in the other two-thirds part of the land after the homestead was carved out and the dower interest assigned; it would belong to the defendants, the four minor children.

The bill seeks to have her dower interest in the real estate ascertained after the homestead is carved out of the 82 acres, and to have it and the residue of the real estate sold for division among the joint owners or tenants in common, on the ground it cannot be equitably partitioned among them. The widow, the life tenant, is entitled to dower by metes and bounds in one-third part of the land over and above the homestead; she is not a joint owner or tenant in common with the four children, minors, who own the reversion therein. The widow is the life tenant in that one-third portion of the land, and when this one-third part of the land is set apart to her by metes and bounds, she would own it for her life, and the four minor children, defendants, would own the reversionary interest therein; the widow having no interest in the other two-thirds part of the land, as that belongs entirely to the defendants. She as sole complainant cannot maintain this bill to sell said land for division among the joint owners or tenants in common. She has the right to have one-third thereof set apart to her by metes and bounds for her use during her life; but she cannot have it sold when set apart for division among her and the four defendants who own the reversionary interest therein. She will not be a joint owner or tenant in common with them in it. Section 5231, Code 1907; Street v. Watts, 202 Ala. 622, 81 South. 564; Hollis v. Watkins, 181 Ala. 248, 61 South. 893; Cobb v. Frink, 200 Ala. 191, 75 South. 939. This does not give the bill equity. Complainant has a clear and adequate

remedy in the probate court for having her dower interest determined and set apart by metes and bounds in this real estate. Sections 3813, 3814, 3815, 3825, and 3826, Code 1907.

[3] It appears from the bill as amended that complainant received $1,000 from an insurance policy on the life of her husband, which was payable to her. Under the facts as averred. this was a part of her separate estate, and if it exceeded the value of her dower interest and distributive share in his estate, she would be thereby barred of dower. From the averments of the bill it is not made, as it should, to affirmatively appear that she owns a dower interest in his land; for aught that appears, it may be barred by the value of her separate estate. Williams v. Williams, 68 Ala. 405; section 3814, Code 1907.

[4] Section 3835, Code 1907, provides when the probate court must decline jurisdiction, and application must be made to a court of equity for the assignment of dower; but these conditions, which authorize a resort to equity, are not shown by the facts averred in the bill as amended to exist in this case. The bill of complaint as amended avers that, after complainant received this $1,000 from the insurance policy, the defendants Leldon and John Beck, entered into an agreement with her as follows:

"That, in consideration that the house, in which the family was then residing was in very bad condition and almost unfit for a dwelling place for the family and was not such a house as their condition in life and their welfare demanded, the said Leldon Beck and John Beck agreed with the complainant that if she would take the money, which she had received from the insurance policy, together with an additional sum of money left by the said R. D. Beck and build a house for them, that they, Leldon and John Beck, would reside at home; that they would maintain and support their mother, the complainant, and the two small children, Neal and Nadine; that they would remain single until they were 21 years of age; that, in consideration of the above agreement, the complainant did use the $1,000 received from the insurance, together with the other money left by R. D. Beck, to wit, about $600, and erected on the lands of the deceased a dwelling house to be used as a homestead for the complainant and the defendants, which said dwelling house greatly enhanced the value of the lands."

This house was erected in winter or early spring of 1920. Leldon Beck and John Beck were minors at the time, and the bill avers that Leldon Beck, who was 18 years of age, in violation of the agreement made with this complainant, married and moved into the house with complainant, and that in a few months after this John Beck, in violation of the agreement with complainant, abandoned the lands and moved to Texas. Complainant also avers that all the money received from the policy, together with the money left by her husband, was used in the erection of this house and the support of the family, and that none of it was used for her sole benefit. The bill fails to aver whether the agreement was oral or in writing, and their breach of this agreement would give her no lien on the land for the value of the improvements. The complainant seeks under the foregoing averments to fix a charge or lien on the land or homestead for reimbursement for the improvements placed on this land of the minor defendants under agreement with two of them, while they were minors, which they breached. Improvements on the realty of infants are not generally considered necessities for which they or their property will be liable; all of the defendants were minors at the time. 22 Cyc. 595, h. n. 68; Freeman v. Bridger, 49 N. C. 1, 67 Am. Dec. 258.

The complainant under the facts averred has no lien on and no constructive or resulting trust in the land of the minors for the value of the improvements placed on their land by her. She has no right under the facts averred to have the land of these minors sold to reimburse her for the costs of these improvements made on their land by her during their minority. 22 Cyc. 595, h. n. 68; Freeman v. Bridger, 49 N. C. 1, 67 Am. Dec. 258.

The defendants demurred to the bill as amended on the ground there was no equity therein, among others, and filed answer in the nature of a cross-bill. The cause was submitted on demurrers for decree, and, if overruled, then on pleading and proof, as noted by the register for decree. The court overruled the demurrers to the bill as amended, and on pleading and proof decreed that complainant was entitled to have a homestead of the value of $2,000 carved out of the 82 acres for herself and defendants, and directed that commissioners be appointed by the register to set it apart out of the 82 acres, and to include in it the house and premises on which the new house was built, since the death of R. D. Beck, and reversed all other issues until further orders of the court.

We find and hold there is no equity in the bill as amended. The court erred in overruling the demurrer of the defendants to it, as, in our opinion, the demurrer to the bill as amended should have been sustained. A decree sustaining the demurrer to the bill as amended will be rendered, and the cause remanded.

Reversed, rendered, and remanded.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.