250 So.2d 592

**Kathryn E. SHROUT**

v.

**Carolyn SEALE et al.**

**6 Div. 726.**

Supreme Court of Alabama.

June 17, 1971.

Rehearing Denied July 29, 1971.

**216**

James L. Shores, Jr. and Charles Tyler Clark, Birmingham, for appellant.

Lawrence B. Clark, Birmingham, for appellee.

COLEMAN, Justice.

The complainant appeals from a decree dismissing her bill of complaint wherein she prays that certain real estate be sold for division of the proceeds among the two owners and the mortgagee. The trial court sustained the demurrers of respondents, and complainant moved for dismissal of the bill. Title 7, § 755, as amended by act approved September 15, 1961.

The question for decision is whether the facts alleged show that complainant is entitled to have a sale for division.

One respondent is the mortgagee and the other is Carolyn Seale. The contest is between Carolyn Seale and complainant. For a statement of the facts alleged in the bill, we quote from the brief filed in behalf of Carolyn Seale.

". . . On October 9, 1952, Farmer Seale and his wife Carolyn, the appellee herein, took title to the property in question:

"As joint tenants, with right of survivorship, theirs heirs and assigns forever; it being the intention of the parties to this conveyance that (unless the joint tenancy hereby created is severed or terminated during the joint lives of the grantees herein), in the event one grantee herein survives the other, the entire interest in fee simple shall pass to the surviving grantee, and if one grantee does not survive the other, then the heirs and assigns of the grantees herein shall take as tenants in common.

"The following day Farmer and Carolyn Seale executed a mortgage on this property in favor of (the mortgagee). Twelve years later, on October 29, 1964, a judgment obtained by Shrout and Shrout, a partnership against Farmer Seale individually in the sum of $5,551.24 was recorded in the Probate Office in Jefferson County, Alabama.

"On February 15, 1966, Farmer Seale executed a warranty deed of his interest in this property to the appellee (Carolyn Seale).

"On September 4, 1968, the Sheriff of Jefferson County levied an execution on the property in question, which execution levied on that interest of Farmer Seale in the property subject to the levy.

"On October 18, 1968, the Sheriff sold Farmer Seale's interest in the real estate in question to the appellant, and this deed was subsequently recorded." (Par. Added)

The real estate involved consists of two residential lots on which there is one dwelling house. Complainant avers that the property cannot be equitably divided or partitioned between the owners without a sale. She further avers that Carolyn Seale and complainant are "joint owners, each being the owner of an undivided one-half (½) interest in the subject real property."

For a better understanding of problems connected with "survivorship" in Alabama, an article entitled "Joint Titles With Survivorship" by the Honorable John W. Gillon of the Birmingham Bar, is most helpful. 22 Alabama Lawyer 341, (1961). Subsequently, this court has considered some of the problems in Bernhard v. Bernhard, 278 Ala. 240, 177 So.2d 565, wherein this court held that an habendum clause substantially identical with the clause quoted above" . . . did create a tenancy in common during the joint lives of the tenants with right of survivorship in the survivor."

■ Under the deed to Farmer Seale and Carolyn Seale, Farmer Seale owned two different interests in the property, to wit: an undivided half interest for his life and a contingent remainder in the whole. Bernhard v. Bernhard, supra; Owens v. Owens, 281 Ala. 239, 201 So.2d 396, ¶ [2]; Title 47, § 140.[1]

Shrout and Shrout recovered judgment against Farmer Seale and recorded a certificate of that judgment. By the recording of that certificate, a lien was fastened ". . . on all property of the defendant, which is subject to levy and sale under execution . . .." Title 7, § 585. Crawford Merc. Co. v. Anderton, 179 Ala. 573, 60 So. 874.

■ A life estate in an undivided one-half of a parcel of real property is subject to levy and sale under execution.[2] On the recording of the judgment certificate, the judgment lien attached to the life estate of Farmer Seale. Farmer Seale subsequently executed a deed purporting to convey his interest in the property to Carolyn Seale, but the conveyance of his life estate was subject to the judgment lien. Crawford Merc. Co. v. Anderton, supra.

All the interest owned by Farmer Seale subject to levy and sale passed to complainant by the execution sale and sheriff's deed, and that sale and deed conveyed Farmer Seale's life estate in an undivided one-half of the property to complainant.

■ As to Farmer Seale's contingent remainder, however, the result is different. A contingent remainder is not subject to levy and sale under execution; Title 7, § 519 [2(a)]; Wright v. City of Tuscaloosa,

---

1. Title 47, § 140: "Remainders are either vested or contingent. A vested remainder is one limited to a certain person at a certain time, or upon the happening of a necessary event. A contingent remainder is one limited to an uncertain person, or upon an event which may or may not happen."

2. (a) "Executions may be levied:
   "On real property to which the defendant has a legal title, or a perfect equity, having paid the purchase money, or in which he has a vested legal interest, in possession, reversion, or remainder, whether he has the entire estate, or is entitled to it in common with others.
   ". . ." Title 7, § 519, Code 1940.
   (b) " . . . Under this will Mrs. Ella P. Pruett, now Mrs. Ponceler, acquired an estate for life in one-half of the property sued for; and that Grace Walker, the daughter, acquired the fee in said lands, burdened or encumbered

236 Ala. 374, 182 So. 72[3]; and, therefore, Farmer Seale's contingent remainder was not subject to the judgment lien. Title 7, § 585; Wright v. City of Tuscaloosa, supra. Consequently, by the deed of February 15, 1966, Farmer Seale conveyed to Carolyn Seale his contingent remainder unencumbered by the judgment, as well as his life estate which was subject to the judgment lien. See Title 47, § 13.

"Even though the common law considered a contingent remainder to be an expectancy not assignable by deed to a stranger, such an interest could be released to the tenant in possession or the holder of the prior estate, or to the reversioner, so as to create in the latter a fee simple. Such a release operated not as a conveyance, but as an extinguishment. Thus, if two persons have the use of property for their joint lives, with a contingent remainder to the survivor of them, one of them may release to the other his interest in the property, present and future. . . ." 28 Am.Jur.2d Estates, § 317.

In Bartholomew v. Muzzy, 61 Conn. 387, 23 A. 604, which is cited to support the last sentence just quoted, a grantor named Hart had conveyed to husband and wife by a deed which the court construed as follows:

" . . . Under the circumstances, we think the deed conveyed to the husband and wife the use of the property during their joint lives, and a contingent remainder to the survivor." (23 A. at 606)

Subsequently, the husband conveyed all his interest to English & Welch, and they immediately conveyed in like manner all their interest to the wife. The court said:

"We think the only reasonable view that can be taken of this transaction, in the absence of all explanation, is that it was intended as a release to the wife of all the husband's interest, present and future, in the land, under the Hart deed. At common law a husband could not convey or release directly to his wife, but by immemorial usage, in this state, he could do so indirectly, through the medium of third parties. 1 Swift, Dig. p. 39. Had not the relation of husband and wife subsisted between these parties in 1854, Lauren could have released to Julia directly, and such release would have been a valid and effectual release of all his interest, present or future, in the land, under the Hart deed. The fact that, because of such relation, it was deemed necessary to accomplish the same purpose

---

with the life estate of her said mother, in one-half of the same.

"This legal estate of the mother and daughter in the property became and was the subject of levy and sale, and the appellant, Maude Dunn, by her purchases at the sheriff's sales, acquired the interest of Mrs. Ponceler and Mrs. Grace Walker in said property." Dunn v. Ponceler, 230 Ala. 375, 377, 378, 161 So. 450, 452.

(c) " . . . The life estate is a legal title, and, as such, not protected from execution. The title of a tenant in common, is also subject to execution; and, the purchaser would hold, with the other tenants, as a tenant in common." Mendenhall v. Randon, 3 Stew. & P. 251, 253.

See also: Branch Bank at Montgomery v. Wilkins, 7 Ala. 589.

3. "Giving due consideration to the provision of Section 6907 (Title 47, § 141) of the Code, as well to the express language of the will, we are constrained to hold that the will of Mrs. Hargrove created at most in the children of Mrs. Van de Graaff a contingent remainder in one-half interest in the Cherokee Place, which, by force of Section 6902 of the Code, has the same properties and effect of an executory devise. Such being the case we hold that this interest, by the plainest terms of Section 7806 (Title 7, § 519) is not subject to levy and sale under execution. We further hold that the said Asa J. Rountree, III, his mother having died, has a contingent remainder in said estate, and the interest is not affected by any mortgage given by his mother, or judgment secured against her." (Par. Added) 236 Ala. at 381, 182 So. at 77.

in an indirect way, through third parties, can, we think, make no difference in the result. We hold, therefore, that in 1854 the wife became possessed of all the rights of English & Welch in said premises, and of all the present or future rights and interests of the husband under the Hart deed. . . ." (23 A. at 607)

See: Smith v. Pendell, 19 Conn. 107; Copenhaver v. Pendleton, 155 Va. 463, 155 S.E. 802, 77 A.L.R. 324; Roberts, Transfer of Future Interests, 30 Mich.L. Rev. 349, 353.

■ The status of the title under the facts averred in the instant case appears to be that complainant holds an undivided half interest in the property for the life of Farmer Seale, and that Carolyn Seale holds the other undivided half interest for the life of Farmer Seale and a vested remainder in the whole. The particular estate held by complainant will terminate at the death of Farmer Seale, a necessary event. There is no contingent remainder.

The undivided half interest held by complainant is not for her life but is for the life of another. With respect to the right to possession and enjoyment for the life of Farmer Seale, complainant's estate is analogous, if not equivalent, to the estate of a life tenant, the only difference being the life by which the duration of the estate is measured. With respect to partition and sale for division, there appears no reason why a tenant holding a fractional interest for the life of another does not have the same rights as a life tenant. This court has said:

(a) "It is quite well settled that partition of lands held by tenants in common is matter of right. The one cannot be forced to hold jointly with others, or to pass such title as he has to another subject to joint ownership and user. The statutes looking to sale for division are cumulative, affording a more adequate method of partition where it cannot be equitably partitioned in kind. In such case, a sale for division is matter of right. Chambliss v. Derrick, 216 Ala. 49, 112 So. 330; Kelly v. Deegan, 111 Ala. 152, 156, 20 So. 378.

". . .

"There must be a tenancy in common, not a separate ownership of distinct estates in the whole. So a life tenant of the entire property cannot maintain a bill against another owning the remainder in entirety. Kelly v. Deegan, 111 Ala. 152, 20 So. 378.

". . . it must be regarded as fully settled that a life tenant in an undivided interest only may have partition, by sale if need be, although he have no interest in the reversion or remainder. Letcher v. Allen, 180 Ala. 254, 60 So. 828; Gayle v. Johnson [Johnston], 80 Ala. 395; McQueen v. Turner, 91 Ala. 273, 8 So. 863, and cases heretofore cited." Etheredge v. Etheredge, 219 Ala. 660, 661, 662, 123 So. 48, 49.

(b) "Appellee, as a life tenant to an undivided interest in certain lands situated in Bibb county, filed this bill against appellants for a sale of said lands for division among the joint owners thereof. Appellants' demurrer takes the point that such life tenant could not maintain a bill of this character. The life tenancy is as to a fractional interest in the land, and the demurrer to the bill was properly overruled, under the following, among other, authorities: McQueen v. Turner, 91 Ala. 273, 8 So. 863; Fitts v. Craddock, 144 Ala. 437, 39 So. 506, 113 Am.St.Rep. 53; Fies v. Rosser, 162 Ala. 504, 50 So. 287; Hollis v. Watkins, 181 Ala. 248, 61 So. 893; Jordan v. Walker, 201 Ala. 248, 77 So. 838; Wheat v. Wheat, 190 Ala. 461, 67 So. 417; Chapman v. York, 208 Ala. 274, 94 So. 90." Cottingham v. Love, 211 Ala. 152, 99 So. 907.

(c) "The bill is for the sale of lands for division among tenants in common. Complainant, Hugh W. McGlathery, claims a statutory life estate by the curtesy as surviving husband of Nellie

Meeks McGlathery, deceased. The theory of the bill is that Mrs. McGlathery, at the time of her death, was a tenant in common with her brothers, owning a vested interest under the will of her father, Wm. M. Meeks, deceased, and that, upon her death intestate, her husband took a life estate in her undivided interest, with reversion in her surviving children.

"In such event complainant is entitled to maintain the bill. The relation of tenants in common obtains between him and the owners of other undivided interests. Cottingham v. Love, 211 Ala. 152, 99 So. 907.

"The case would be different if the life estate was in the whole, and tenancy in common only among remaindermen or reversioners. Cobb v. Frink, 200 Ala. 191, 75 So. 939." McGlathery v. Meeks, 219 Ala. 89, 92, 121 So. 67, 70.

Under the three authorities last cited, a life tenant in a fractional undivided interest is entitled to a sale for division. We hold that a tenant who holds a fractional undivided interest for the life of another has the same rights as a life tenant with respect to a sale for division. It follows that complainant is entitled to a sale for division and the decree sustaining the demurrers to her bill of complaint is in error.

Complainant contends that she is entitled to an undivided one-half of the entire property, citing New Haven Trolley & Bus Employees Credit Union v. Hill, 145 Conn. 332, 142 A.2d 730, where a husband held under a deed to him and his wife ". . . 'jointly . . . with the right of survivorship.'" The Connecticut Court said:

". . . It is obvious from the briefs and oral arguments that both parties considered the interest of the defendant as that of a joint tenant with right of survivorship, and we treat the case as presented to the court below. Anselmo v. Cox, 135 Conn. 78, 79, 60 A.2d 767.

"It is the general rule that the interest of a joint tenant may be taken on execution. 14 Am.Jur. 169, § 108. That is our law. Remmington v. Cady, 10 Conn. 44, 47; Buddington v. Stewart, 14 Conn. 404, 408; Peyton v. Wehrhane, supra [125 Conn. 420, 6 A.2d 313), 125 Conn. 436, 6 A.2d 319. The execution levy, at least upon the sale, operates as an involuntary conveyance by the joint tenant against whom the execution runs. See Remmington v. Cady, supra, 10 Conn. 49. This in turn causes a severance of his undivided interest, and a consequent destruction of the joint tenancy, which can exist only so long as there is a unity of (1) interest, (2) title, (3) time and (4) possession. 14 Am.Jur. 81, § 7; Houghton v. Brantingham, 86 Conn. 630, 637, 86 A. 664. A tenancy in common, on the other hand, requires only a unity of possession, 14 Am.Jur. 87, § 16; Griswold v. Johnson, 5 Conn. 363, 365. After the termination of the joint tenancy by the severance, the execution creditor, or the purchaser at the execution sale, becomes a tenant in common as regards the remaining cotenants. 14 Am.Jur. 86, § 14; Peyton v. Wehrhane, supra. Among the incidents of a joint tenancy which fall with its termination is the right of survivorship in jurisdictions where that right is an incident of an estate in joint tenancy, as such." (145 Conn. at 335, 336, 142 A.2d at 732)

It thus appears that the Connecticut Court regarded the tenancy under which the husband and wife held title as being of the nature of a common law joint tenancy, which was severed and destroyed by the levy and sale under execution, and that the purchaser at the execution sale was entitled to half of the entire property. In *Bernhard*, this court did not regard the parties as holding under a joint tenancy. This court held that the grantees under the deed in *Bernhard* held under ". . . a tenancy in common during the joint lives of the tenants with right of survivorship in the survivor." (278 Ala. at 243, 177 So.

2d at 567) Because the tenancy in the Connecticut case and *Bernhard* are different, the legal effect of the levy and sale is different and the rights acquired by the purchaser at the sale are different.

Counsel for Carolyn Seale contend that since complainant acquired her rights through Farmer Seale, she can have no right which he did not have; that, under *Bernhard*, Farmer Seale did not have a right to a sale for division, and, therefore, complainant does not have a right to a sale for division.

The facts in *Bernhard* are different from the facts in the case at bar. There complainant owned a contingent remainder, here complainant has never owned any sort of remainder in the property. Farmer Seale has conveyed or released his contingent remainder to Carolyn. If she survives him, she will take the whole property at his death under the terms of the original deed to them. If he survives her, her heirs will take the whole property at his death, an event which is certain to occur. There is no longer any contingent remainder held by anyone. In effect Carolyn Seale owns the entire property, subject only to complainant's estate in an undivided half interest for the life of Farmer Seale.

For approximately three decades, the late Dean Farrah admonished law students that, "Out of the facts the law arises"; which is perhaps another way of saying, "Circumstances alter cases." The circumstances in the instant case are different from the circumstances in *Bernhard*. Out of these altered circumstances arises the different result in the instant case; to wit: that complainant, under the facts alleged in the case at bar, is entitled to a sale for division, although complainant in *Bernhard* was not entitled to such a sale under the facts in that case.

Reversed and remanded.

HEFLIN, C. J., and SIMPSON, BLOODWORTH, and McCALL, JJ., concur.